IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUVEL FERNANDEZ, III, § | |
|    Plaintiff, § | |
| § | |
| v. § | No. 3:20-cv-00088-E (BT) |
| § | |
| CITY OF DALLAS, et al., § | |
|    Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Juvel Fernandez, III, a Texas prisoner, filed a *pro se* civil rights action under 42 U.S.C. § 1983. The Court granted Fernandez leave to proceed *in forma pauperis* but withheld issuance of process pending judicial screening. Ord. (ECF No. 6). For the reasons stated, the Court should dismiss Fernandez's amended complaint under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) and deny any pending motions.

## Background

On January 14, 2020, the Court received Fernandez's original complaint naming the City of Dallas and Parkland Hospital as defendants. Compl. 1, 3 (ECF No. 3). In his pleading, he alleges the City of Dallas was negligent because "between April - May of 2019 at around 9:00 p.m. to 1:00 a.m. on a Thursday or Friday," he slipped and fell in downtown Dallas near Interstate 35 "from some algae that leak[ed] from a wall." *Id.* 3-4; *see also* Resp. to Mag. J. Questionnaire 1 (ECF No. 8 ). As a result, he fractured his skull and three ribs, lost his sense of taste and

1

smell, and suffered sternum pain. Compl. 3-5. He also claims that he suffered brain pressure that caused dementia and a hemorrhage. *Id.* 4. Fernandez further alleges that Parkland Hospital was negligent in providing medical care when it drew his blood, put "wrong identification" on him, gave him excess amounts of medication, and provided him "improper medical procedures." *Id.* 3, 5.

On April 16, 2020, Fernandez filed an amended complaint in which he added Methodist Hospital as a defendant. Am. Compl. 1 (ECF No. 22). In his amended complaint, he alleges that Methodist Hospital committed malpractice and negligence. *Id.* He claims Methodist Hospital failed to provide him with proper care during "my incident." *Id.* 2. Fernandez also claims that he was "post-ambulatory" when he presented to Methodist Hospital on May 17, 2019. *Id.* The next day, he was released having suffered from a head injury that later caused him to go to Parkland Hospital due to severe brain pressure. *Id.* Based on this conduct, Fernandez seeks to be able to file this lawsuit; get his ability to taste and smell back; receive compensation for pain, physical suffering, and mental suffering; "settlement values"; medical procedures; therapeutic counseling; and possibly find a solution for brain loss. Compl. 4; Resp. to Mag. J. Questionnaire at 4.

## Legal Standards and Analysis

Fernandez's complaint and amended complaint are subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or

2

> officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)-(b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 1. Parkland Hospital and Methodist Hospital

Fernandez has named Parkland Hospital and Methodist Hospital as defendants. To state a claim under Section 1983, a plaintiff must allege that a defendant acted "under color" of state law. 42 U.S.C. § 1983. Only "state actors" may be sued for federal civil rights violations. Private parties become "state actors" only when their conduct is "fairly attributable to the State." *Lugar v. Edmondson*

*Oil Co.*, 457 U.S. 922, 937 (1982); *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Anyone whose conduct is 'fairly attributable to the State' can be sued as a state actor under § 1983.") (citing *Lugar*, 457 U.S. at 937). The phrase "fairly attributable to the State" means (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible"; and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 937. Fernandez does not allege that Parkland Hospital or Methodist Hospital engaged in any conduct that could be fairly attributable to the State. Therefore, Parkland Hospital and Methodist Hospital are not state actors, and they should be dismissed.

**2. City of Dallas**

Fernandez also has named the City of Dallas as a defendant. While § 1983 claims may be brought against municipalities "where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," municipalities "cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690-91 (1978); *see also Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citations omitted) ("We have consistently refused to hold municipalities liable under a theory of respondeat superior."). This is because "under § 1983, local governments are responsible only for 'their own illegal acts.'" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (Thomas,

4

J.) (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). And "[t]hey are not vicariously liable under § 1983 for their employees' actions." *Id.* (citations omitted); *see also Pembaur*, 475 U.S. at 479 ("Congress . . . doubt[ed] its constitutional power to impose such liability in order to oblige municipalities to control the conduct of others." (emphasis in original) (citation omitted)). Requiring municipal-liability plaintiffs to identify an allegedly unconstitutional municipal policy or custom "ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Bd. of Cnty. Comm'rs*, 520 U.S. at 403-04 (citing *Monell*, 436 U.S. at 694). "To prevent municipal liability . . . from collapsing into respondeat superior liability, a court must carefully test the link between the policymaker's inadequate decision and the particular injury alleged." *Id.* at 410. Accordingly, "[a]s is generally the case in § 1983 cases, it is far more difficult for [a] plaintiff to establish municipal liability . . . than to establish individual liability." *Ayers v. City of Holly Springs*, 2006 WL 2943295, at *4 (N.D. Miss. Oct. 13, 2006); *see also Jackson ex rel. Martin v. Town of Tutwiler*, 2018 WL 6033596, at *3 (N.D. Miss. Nov. 16, 2018) ("[T]his court acknowledges that federal law does, in fact, make it quite difficult for plaintiffs to recover against municipalities in § 1983 cases.").

Thus, to state a claim for municipal liability under § 1983, "a plaintiff must show the deprivation of a federally protected right caused by action taken

5

'pursuant to an official municipal policy.'" *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (citing *Monell*, 436 U.S. at 691). "A plaintiff must identify: '(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom.'" *Id.* at 541-42. (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)). "[I]solated unconstitutional actions by municipal employees will almost never trigger [municipal] liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984) (per curiam); *McKee v. City of Rockwall*, 877 F.2d 409, 415 (5th Cir. 1989)).

Fernandez alleges that the City of Dallas is liable for negligence because he slipped and fell on some algae in downtown Dallas. Compl. 3-4; Resp. to Mag. J. Questionnaire at 1. This allegation fails to state a § 1983 claim for municipal liability. Fernandez does not allege the deprivation of a federally protected right caused by action under an official municipal policy. *See Valle*, 613 F.3d at 541. Accordingly, Fernandez has failed to state a claim against the City of Dallas, and it should be dismissed.

## Conclusion

The Court recommends that Fernandez's civil action be dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) and any pending motions be denied.

**SO RECOMMENDED**

Signed January 19, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).